Ma v. Sessions

BIA
Hom, IJ
A202 042 405

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> RICHARD C. WESLEY,
>> *Circuit Judges.*

_____

HUILING MA,
> *Petitioner,*

v.                                          17-460
                                            NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Keith S. Barnett, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Mary Jane
                         Candaux, Assistant Director;
                         Edward E. Wiggers, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huiling Ma, a native and citizen of the People's Republic of China, seeks review of a January 27, 2017, decision of the BIA affirming a June 27, 2016, decision of an Immigration Judge ("IJ") denying Ma's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huiling Ma,* No. A 202 042 405 (B.I.A. Jan. 27, 2017), *aff'g* No. A 202 042 405 (Immig. Ct. N.Y. City June 27, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, reaching only the adverse credibility ruling. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The

governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).

"[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. "[A] material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which [s]he sought asylum" can provide substantial evidence for an adverse credibility ruling. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295

3

(2d Cir. 2006) (quoting *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005)).

The agency reasonably concluded that Ma was not credible because her application, asylum interview, and testimony gave inconsistent accounts of her main allegation of past persecution. She gave two different versions of how she escaped from the hospital when doctors were about to perform a forced abortion. At the June 13, 2016, hearing before the IJ, she testified that when her husband heard her screaming, he "rushed into the room, and he pushed away the doctor. So we ran out together." Certified Administrative Record 76. However, in her October 27, 2014, asylum interview, she claimed that she told a doctor that "[w]e want to use the bathroom. While we used the bathroom we ran away stealthily.'" 96. There was no testimony about using the bathroom as an excuse to accomplish an escape until she was confronted with her previous asylum interview.

This inconsistency amounts to substantial evidence for the adverse credibility ruling because it calls into question Ma's claim that she was targeted for a forced abortion and undermines her credibility as a whole. *Xian*

4

*Tuan Ye*, 446 F.3d at 294-95; *Majidi*, 430 F.3d at 80; *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

The agency was not required to accept Ma's explanation for the discrepancy because it did not explain why she initially described her escape as stealthy, but later testified to screaming and pushing the doctors in order to escape. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

Nor did the agency err in relying on the record of the asylum interview, which contained a "meaningful, clear, and reliable summary of the statements made by [the applicant] at the interview." *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (citation and internal quotation marks omitted). Ma has not challenged the reliability of the interview record,

5

which reflects that Ma brought her own Mandarin interpreter and understood the asylum officer's questions. Ma also argues, that the record was not formally accepted into evidence and she was not given an opportunity to object or cross examine the asylum officer. These arguments are without merit and unexhausted. The interview record was admissible as impeachment evidence; Ma's counsel did not object when the Government introduced it; and Ma did not take issue with its admission on appeal to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (requiring petitioners to exhaust issues before the BIA). Accordingly, the agency did not err in relying on the inconsistency between the asylum interview and Ma's hearing testimony.

Because Ma's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

6

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court